TODD M. MALYNN (SBN 181595)
Email:  tmalynn@feldmangale.com
JAMES A. GALE (Florida Bar No. 371726)
Email:  jgale@feldmangale.com
MICHAEL P. HOGAN (PA Bar No. 313402)
Email: mhogan@feldmangale.com
FELDMAN GALE, P.A.
Promenade West, Suite 315
880 West First Street
Los Angeles, California 90012
Telephone:  (213) 625-5992
Facsimile: (213) 625-5993

Attorneys for Plaintiff
MGP MANUFACTURING LLC.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGP MANUFACTURING LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS VARGAS, d/b/a YOUR LAST GUTTER GUARD<br><br>Defendant. | CASE NO.: 2:13-cv-000849<br><br>**CONSENT FINAL ORDER OF PERMANENT INJUNCTION** |

THIS CAUSE came on to be heard by this Court on the Parties' Joint Motion For Entry Of A Consent Final Judgment, and upon reviewing all papers and proceedings in this action, being otherwise fully advised in the premises, and upon the agreement, consent, and stipulation of the Plaintiff, MGP Manufacturing LLC ("MPG") and Defendant Chris Vargas d/b/a Your Last Gutter Guard ("Vargas") to

resolve this controversy on the terms set forth below, the Court having reviewed and approved the entry of this Consent Final Order of Permanent Injunction (the "**CONSENT ORDER**"), the Court hereby makes the following stipulated findings:

1. This Court has jurisdiction and venue over the Parties and subject matter of this action.

2. This Court shall retain jurisdiction over this matter and all matters related to this matter or that arise concerning this matter for the purpose of enforcing this **CONSENT ORDER** and all terms contained herein.

3. Vargas acknowledges that inventor Edward A. Higginbotham and MGP have expended a great deal of time, effort and resources developing its product the MasterShield® and patents relating to same, including U.S. Patent No. RE42,896 ("the '896 Patent"), RE43,555 ("the '555 Patent") and U.S. Patent No. 8,397,436 ("the '436 Patent") (collectively, the "MGP Patents").

4. Vargas acknowledges that as a result of the significant amount of time, effort and resources expended by MGP, the gutter guard component of the home improvement industry has come to associate Higginbotham and the MGP Patents with MasterShield® and the technology therein.

5. Vargas acknowledges that MasterShield® is of high quality, and as such, has generated a positive reputation and extensive goodwill for MGP and Higginbotham throughout the gutter guard component of the home improvement industry.

6. Vargas acknowledges that MGP is the sole assignee of the subject matter claimed in the MGP Patents.

7. Vargas acknowledges that he is the owner and authorized representative of Your Last Gutter Guard.

8. Vargas, either individually, or under either name "Your Last Gutter Guard" or "Roofs Made Easy" (together, "YLGG") has made and distributed the Your Last Gutter Guard product.

9. Vargas, either individually or under the name YLGG, has offered for sale and sold the Your Last Gutter Guard product to potential MGP customers and others.

10. Vargas acknowledges that the Your Last Gutter Guard product infringes the MGP Patents.

11. Vargas acknowledges that when the Your Last Gutter Guard products were sold either by him individually by YLGG, he (1) knew of the MGP Patents; (2) knew that the Your Last Gutter Guard product infringed the MPG Patents; and (3) that notwithstanding same, willfully infringed the MGP Patents.

12. Vargas acknowledges that the MGP Patents are valid and enforceable.

13. Vargas, YLGG and all its officers, employees, or agents shall not take any action, direct or indirect, to challenge, or otherwise question the validity, ownership, inventorship, or enforceability of the MGP Patents in any forum, including without limitation, in any proceeding before the United States Patent and Trademark Office ("USPTO"), any state court, or federal court, or any other proceeding or forum.

14. Vargas acknowledges that the inventions claimed in the MGP Patents (1) have met with commercial success; (2) resolved long felt, but unresolved need; (3) overcame the failure of others; (4) were initially met with skepticism by industry experts; (5) were ultimately praised by others in the industry; (6) were a departure from the teachings of others; (7) recognized a problem in the field of art; and (8) have been copied by competitors in the industry.

15. Vargas, YLGG and all its officers, employees, or agents, acknowledge that they are enjoined from infringing any claims of the MGP Patents, including without limitation, making, having made, using, offering for sale, selling or importing into the U.S., the Your Last Gutter Guard product.

16. Vargas acknowledges that sales of the Your Last Gutter Guard Product were minimal, he has stopped selling the Your Last Gutter Guard product and exited the gutter guard manufacturing business.

17. MGP acknowledges that in consideration of the representation of minimal sales by Vargas of the Your Last Gutter Guard product, it was not economically justifiable to pursue past damages and has therefore not sought such past damages, but, instead sought and obtained from Vargas and YLGG this permanent injunction.

18. Vargas and/or YLGG agree to be bound by the terms of this **CONSENT ORDER**.

Accordingly, the Court **ORDERS AND ADJUDGES** as follows:

**DEFENDANT CHRIS VARGAS d/b/a YOUR LAST GUTTER GUARD AND ALL OFFICERS, OWNERS AND EMPLOYEES THEREOF,** by having made, used, offered for sale or sold the Your Last Gutter Guard product, has infringed the U.S. Patent No. RE42,896 ("the '896 Patent"), RE43,555 ("the '555 Patent") and U.S. Patent No. 8,397,436 ("the '436 Patent") also referred to as the "MGP Patents."

**DEFENDANT CHRIS VARGAS d/b/a YOUR LAST GUTTER GUARD AND ALL OFFICERS, OWNERS AND EMPLOYEES THEREOF,** are permanently enjoined from making, using, offering for sale, selling or importing the Your Last Gutter Guard product.

Vargas and/or YLGG shall bear their own costs, expenses and any attorneys' fees incurred in this action.

Should MGP need to enforce this **CONSENT ORDER**, MGP need only show a violation by a preponderance of the evidence. MGP shall be entitled to recover any attorneys' fees and costs relating to the enforcement of this **CONSENT ORDER**.

1 Vargas and/or YLGG represent that all information provided by them are true and accurate. Vargas and/or YLGG understand that providing false information under the terms of this **CONSENT ORDER** constitutes a violation thereof.

This **CONSENT ORDER** shall be binding upon and shall inure to the benefit of the parties named above, their respective parents, subsidiaries, affiliates, predecessors, successors and assigns, and their officers, directors, shareholders, servants, employees and agents, and/or any committee or other arrangement of creditors organized with respect to the affairs of any party, and on those persons in active concert with any of these classifications of persons or entities.

This **CONSENT ORDER** shall be binding upon any persons or entities who or that receive notice of this **CONSENT ORDER**.

This **CONSENT ORDER** shall be deemed to have been served upon the parties at the time of its execution by the Court.

Vargas d/b/a Your Last Gutter Guard unconditionally agrees to waive any and all rights to modification or appeal it may have in connection with the entry of this **CONSENT ORDER** or the terms thereof.

The Clerk is directed to send copies of this **CONSENT ORDER** to all counsel of record.

Dated: June 20, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I, Cathy Guzman, am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the above-captioned matter. My business address is Promenade West, 880 West 1st Street, Suite 315, Los Angeles, California 90012.

On June 19, 2013, I served the foregoing document described as [PROPOSED] CONSENT FINAL ORDER OF PERMANENT INJUNCTION on the interested parties herein as follows:

Chris Vargas
Your Last Gutter Guard/Roofs Made Easy
3965 Durock Road, Suite C
Shingle Springs, CA 95682

[X]   BY MAIL: By placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby the mail is deposited in a U.S. mailbox in the City of Los Angeles, California after the close of the day's business. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date is more than one day after the date of this affidavit.

[ ]   FEDERAL EXPRESS: By placing a true copy thereof enclosed in a sealed envelope addressed as shown above, prepaid, deposited with the Federal Express carrier/box at Los Angeles, California.

[ ]   CM/ECF NOTIFICATION: Delivered via CM/ECF upon all counsel of record as indicated/listed on the U.S. District Court, Central District of California's CM/ECF registered email list in the referenced manner.

[ ]   PERSONAL SERVICE: By causing to be delivered by hand a true copy thereof enclosed in a sealed envelope, addressed as shown above, to the interested parties as shown above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 19, 2013, at Los Angeles, County, California.

/s/ Cathy Guzman
Cathy Guzman